5814

FILED - USDC - NH
2022 OCT 19 AM 10:33

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

v.

Attorney Daniel Mullen,  and

Joseph Laplante,  INDIVIDUALLY

Ransmeier & Spellman,  Officially

*No Docket Needed  A New Cause of Action  IN File This New Cause of Action*

EXPEDITED

JURY TRIAL DEMANDED


JURISDICTION

This action happened in New Hampshire.   The Complaint is before the Court under 42 U.S.C. 1983.

PARTIES


1.        Josephine Amatucci, P. O. Box 272, Wolfeboro Falls, NH 03896

2.        Former Attorney Daniel J. Mullen,  INDIVIDUALLY,  formerlly at 1 Capitol St. Ste 1, Concord;

3.        Mr. Joseph Laplante,  sued INDIVIDUALLY,  55 Pleasant St. Room 110, Concord, NH 03301;

4.        Ransmeier & Spellman, OFFICIALLY,   1 Capitol St. Ste 1, Concord.


RELEVANT FACTS

1

## RELEVANT FACTS

6.       This case is based on Fraud on/Upon the Court,  FRAUD is never final,  there is no

Res Judicata and No Statute of Limitations and NO Immunity when there is a violation of a

Federal Right. That Laplante lost ....JURISDICTION..... when he denied the Plaintiff her Civil

Rights under FRAUDULENT MISREPRESENTATION OF THE EV IDENCE IN THE CASE,  and

therefore his judgments are VOID OF NO LEGAL FORCE.

7.       That  defendants Mullen and Laplante during a hearing for cross summary

judgments,  fraudulently denied that the Plaintiff was arrested and Prosecuted for speeding.

And under fraud,  Laplante  allowed Mullen Summary Judgment and denied the Plaintiff's

Summary Judgment by insisting at the cross-motions for Summary Judgment  that there

was.......... NO EVIDENCE IN THE FILES.....showing that the PLaintiff was arrested and

prosecuted for speeding.   When before Laplante in the files and record was an Affidavit

signed UNDER OATH by the former Police Chief Stuart Chase,  stating that the Plaintiff

was arrested and prosecuted for Speeding. See evidence attached.

8.       There is NO DISPUTE,  as shown in the evidence attached,  and other  ample

exculpatory evidence in the record, such as Mullen's  statement in his own Motion for

Summary Judgment,  that,

        "Former Chief Chase came upon the scene after Amatucci was ARRESTED by Officer
Emerson and charged with the offense of SPEEDING.  He did not participate in her
......" ARREST AND THE SUSEQUENT PROSECUTION".   He did not provide any instructions or
guidance to Officer  Emerson relative to his pursuit of Amatucci and the ........SUBSEQUENT
PROSECUTION FOR SPEEDING."

         HELLOOOOOOOOOOOOOOOOOOO  Mr. Laplante and Mullen,  how can you say there
was NO EVIDENCE that the Plaintiff was ......NOT... arrested and prosecuted for Speeding.

9.       This was an  unlawful seizure,  detention,  liberty violation ,   under the Fourth

Amendment,  where under New Hampshire law,  speeding is NOT A CRIME.

2

10.      This is also  a Monell claim against Ransmeier,  under the   LEGAL MALPRACTICE of

Attorney  Mullen,  and a Monell claim under the Town of Wolfeboro,  for the prosecutor's

violation of the Plaintiff's civil Rights,    and the  trial procedure was a  violation of the Speedy

Trial clause.   When a trial was held too long after the Plaintiff was seized.   Especially where

she was elderly.

11.      This evidence is contrary to what Laplante stated in his ORDER  dated

December 26,  2018,  when he fraudulently stated on page 20 ....."The record in this case

demonstrates that Mrs. Amatucci's arrest  concerned  only the disobeying a police officer.

On page 21 Laplante fraudulently states,  "She has not supported that she was arrested for

speeding".   The evidence was right before his eyes.    that she was  ARRESTED  and

PROSECUTED for Speeding.

                    NO PROBABLE CAUSE TO DENY THE PLAINTIFF'S  SUMMARY JUDGMENT

12.      As in the files and record   was a most important  Affidavit signed

by the former Police Chief Stuart Chase,  ..........UNDER OATH.......stating that the Plaintiff was

indeed arrested and prosecuted for speeding.   And worse still in Mullen's  Motion for

Summary Judgment before Laplante,  Mullen himself admits that  the Plaintiff was arrested

for speeding,  when he stated in his Motion for Summary Judgment......

                    "She was charged with the offense of Speeding."

Therefore the denial of the Plaintiff's  Summary Judgment motion by Laplante, based on

the unlawful arrest and prosecution without probable cause,  as Speeding is not a crime

in New Hampshire ,  was a RESPASSING OF THE LAW by Laplante,  where he lost

JURISDICTION and his judgment was therefore VOID OF NO LEGAL FORCE.

13.        ORDER ON THE CROSS-MOTIONS FOR SUMMARY JUDGMENT

      The Plaintiff has gone into all details of this case in her recent filings,  and therefore

3

all the facts and law are summarized in the files and record in the Court on this case.

14.     The  FRAUD MISREPRESENTATION of Laplante and Mullen was never ruled on,
or judged on the law,   therefore there is no res judicata.,  and evidence proves that
thre is  NO DISPUTE that the Plaintiff's was  unlawfully  arrested  and MALICIOUSLY
PROSECUTED,  as she was found NOT GUILTY OF SPEEDING by the trial court judge,
and under the law her arrest and prosecution was a Fourth Amendment violation.
Under Fraud, under a violation of a Civil Right there is no IMMUNITY,  no res judicata,
no statute of limittions,  and FRAUD IS NEVER FINAL.

15.     With the evidence before the Court there is NO DISPUTE that the Plaintiff was
unlawfully ARRESTED AND PROECUTED FOR SPEEDING,  that she was deprived of  her
liberty, pursuant to legal process.  There  was NO PROBABLE CAUSE  to arrest and prosecute
the Plaintiff as Speeding is not a crime in New Hampshire.  She was NOT CONVICTED OF
SPEEDING,  therefore this was a MALICIOUS PROSECUTION.  Also,  the conviction for
disobeying a police officer is void of no legal force under the  Sixth Amendment,  as the
defendants had a jury trial way beyond the limits to file a trial under the Sixth Amendment,
which allows the police only 9 months  to hold a trial.  The police took longer than one year
before a trial was held.

## MONELL CLAIM AND  LEGAL MISCONDUCT

16.     There is  a  violation of the Sixth Amendment Speedy Trial clause
and there is a Monell claim against Ransmeier & Spellman in this case,  under Legal
Malpractice.

17.     And where the Town of Wolfeboro Prosecutor,   a policymaking official,  was
the connection for the arrest and prosecution of the Plaintiff for speeding,
this is a viable liability claim under Monell  against the Town of Wolfeboro.  Even if it

4

happened only once, there does not have to be a custom of the Town under Monell.

18.      There is no dispute on this claims, therefore UNDER THE FEDERAL LAW,

under FRAUDULENT MISREPRESENTATION, UNDER FRAUD ON/.UPON THE COURT THESE

CLAIMS AND FACTS AND THE LAW will allow the Plaintiff damges under 1983 .

19.      There is NO IMMUNITY under a violation of a person Civil Rights.

20.       FRAUD FRAUD FRAUD, on page 24, Laplante states "

         "There is no evidence .....IN THE RECORD.... to support a judgment in Mrs. Amatucci's favor as to her malicious prosecution claim".

What about police chief Chase's Affidavit verifying that she was ARRESTED AND PROSECUTED

FOR SPEEDING, when SPEEDING IS NOT A CRIME IN NH.  This is a Malicious Prosecution.

21.      This case is 4 years old and the law demands that the Plaintiff's claims be

held no longer under Fraud in this Court, and in doing so the Court is ABUSING HER

rights under the Federal law, which is TRESPASSING AGAINST THE LAW.

WHEREFORE:  If this Court denies the Plaintiff her right for damages under 1983 in this case the defendants will be  TRESPASSING AGAINST THE FEDERAL LAW.. Besides an Abuse of the Elderly.

Respectfully,

Josephine Amatucci

October 14, 2022

c.  Town of Wolfeboro

5



Ms. Josephine Amatucci
PO Box 272
Wolfeboro Fls., NH 03896-0272



ATTENTION: MEG CAHILL
UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE
OFFICE OF THE CLERK
55 PLEASANT ST.
ROOM 110
CONCORD, N.H. 03301




U.S. POSTAGE PAID
FCM LG ENV
WOLFEBORO FALLS, NH
03896
NOV 21, 22
AMOUNT

**$0.84**

R2303S102236-01

RDC 99          03301