6. Ms. Amatucci was then transported to the House of Corrections in Ossipee for processing. I had no contact or conversation with Ms. Amatucci during the incident.

7. During the entire incident, I gave no instructions to Officer Emerson or any other law enforcement personnel to pursue Ms Amatucci or to arrest her. Officer Emerson acted in accordance with his duties and responsibilities as a patrolman, without any instructions or guidance at the time from the Police Chief. Also, I played no role in her subsequent prosecution for speeding and failure to obey police officers.

The above is true to the best of my knowledge, information and belief.

_Stuart Chase_

STATE OF New Hampshire
COUNTY OF Carroll

Before me on this 24 day of July, 2018, personally appeared the above-subscribed Stuart Chase, and made oath that the statements contained are true and correct to the best of his knowledge, information and belief.

_Bruce J Burrows_
Notary Public/Justice of the Peace
My Commission Expires: March 29 2019

BRUCE J. BURROWS, Justice of the Peace
My Commission Expires March 29, 2019

---

*Handwritten annotations:*

No Dispute

I WAS UNLAWFULLY ARRESTED AND UNLAWFULLY PROSECUTED FOR SPEEDING

8b. Denied.

8c. Denied.

8d. Denied.

9. Denied. Admitted, however, that although the plaintiff was in fact exceeding the posted speed limit, the state trial court found that the prosecutor failed to prove that the excessive speed was unreasonable for the conditions and therefore, under NH statute, the state had failed to prove she was speeding. However, the court also found that she had an obligation to stop for the police, that she failed to do so and that she was, therefore, guilty of failing to stop for the police. Admitted that plaintiff was validly arrested and prosecuted for speeding and failure to stop. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of whether the plaintiff was truly headed to the sheriff's office for any purpose and therefore deny those allegations. Defendants deny all the remaining allegations of paragraph 9. Also see the response above to Paragraph 7.

10. Denied except admitted that the plaintiff came to the Town Hall and was shouting at Anne Marble and made a disturbance. Admitted that Mr. Houseman was the Town Planner but that he was acting as Town Manager that day. Denied that Mr. Houseman called the police department. Nor did he order anyone else to call the police or even know at the time anyone was calling the police. He escorted plaintiff to an empty courtroom (without touching her) in order to try to calm down Ms. Amatucci and to protect Ms. Marble.

Admitted that when the plaintiff arrived at Town Hall she first spoke to Town employee Cathy Ferland and asked to speak to Anne Marble. Admitted Anne Marble is/was the Administrative Assistant for the Town Manager. Denied that Ms. Marble was "alone" as there were other employees around, including, for example, Cathy Ferland and Brenda LaPointe. Ms.

*[Handwritten annotation: No Dispute I WAS UNLAWFULLY ARRESTED FOR SPEEDING]*

5

- Magistrate Judge Muirhead's Report and Recommendation dated January 20, 2006 in the first suit filed by Defendant in USDC (Exh. 50); and

- Magistrate Judge McCafferty's Report and Recommendation dated May 18, 2012 (Exh. 63) in the third suit filed in USDC by Defendant based upon her arrests in 2002 and 2003.

To date, Defendant has filed seven lawsuits in USDC and ten lawsuits in this Court based primarily on her allegedly unlawful arrests in 2002 and 2003. In addition, Defendant has to date filed eight lawsuits in USDC and three in this Court based primarily on the erratic driving incident in August 2013 and/or her arrest for speeding and failure to obey Police Officers on May 7, 2014. It is the pleadings, orders and decisions in these lawsuits which are the facts that Plaintiff relies upon in asking this Court for relief under RSA 507:15-a.

## II. RSA 507:15-A IS CONSTITUTIONAL UNDER BOTH THE NEW HAMPSHIRE AND U.S. CONSTITUTIONS

### A. The Court Should Decline To Analyze RSA 507:15-a's Constitutionality Under New Hampshire's Constitution Because Defendant Has Failed To Specifically Cite Its Provisions.

In her various pleadings, Defendant has alluded that RSA 507:15-a may deny her constitutional right to access the courts under notions of due process and equal protection. To raise a state constitutional claim, the party has to specifically invoke a provision of the State Constitution. *Matter of Kempton*, 166 N.H. __, 119 A.3d 198, 205 (2015). Defendant's various pleadings in this matter, as well as her testimony at the April 13, 2016 trial, failed to cite a provision of the New Hampshire Constitution. Accordingly, the Court should decline to analyze whether RSA 507:15-a is constitutional under the New Hampshire Constitution.

*[handwritten: No Dispute I was unlawfully arrested for speeding]*

per hour zone, is prima facie evidence that the speed is not reasonable or prudent and that it is unlawful.

Given that Officer Emerson's radar unit showed that Amatucci was exceeding the posted speed limit by 12 miles per hour, he had probable cause to stop her.

The fact that Amatucci was later acquitted of the charge of speeding because the Court determined that she was not traveling at a speed that was unreasonable and imprudent for the conditions existing has no bearing on whether or not there was probable cause. The fact that she exceeded the posted speed limit is enough to provide a reasonable officer with reason to charge Amatucci with speeding.

Accordingly, Officer Emerson is entitled to qualified immunity.

Former Chief Chase did not participate at all in the arrest for speeding. Former Chief Chase came upon the scene after Amatucci had been arrested by Officer Emerson and charged with the offense of speeding and with the offense of disobeying a police officer. He did not participate in the arrest of Amatucci, nor did he participate in the prosecution. He did not provide any instructions or guidance to Officer Emerson relative to his pursuit of Amatucci and the subsequent prosecution for speeding.

Accordingly, because there are no facts provided by Amatucci that showed former Chief Chase participating in the arrest, he is not liable at all for the claims asserted by her. The fact that he showed up at the scene after the fact does not mean that he had anything to do with the arrest. Moreover, because she had

*[handwritten annotation: No Dispute I was Arrested For Speed...]*

## Orders on Motions

1:22-fp-00102 Amatucci v. Mullen et al **CASE CLOSED on 06/16/2022**

CLOSED

## U.S. District Court

### District of New Hampshire

**Notice of Electronic Filing**

The following transaction was entered on 9/13/2022 at 8:36 AM EDT and filed on 9/13/2022
**Case Name:** Amatucci v. Mullen et al
**Case Number:** 1:22-fp-00102
**Filer:**
**WARNING: CASE CLOSED on 06/16/2022**
**Document Number:** No document attached

**Docket Text:**
ENDORSED ORDER mooting [4] Motion to Dismiss. *Text of Order: Josephine Amatucci has filed a motion to dismiss (Doc. No. 4) a case she filed in this Court, docketed as Amatucci v. Mullen, 22-fp-102. Because Mrs. Amatucci never paid the filing fee or applied for in forma pauperis status in this case, it was terminated on June 16, 2022, and was never opened as a civil case. Accordingly, her motion to dismiss is denied as moot. So Ordered by Chief Judge Landya B. McCafferty.*(ed)


**1:22-fp-00102 Notice has been electronically mailed to:**

**1:22-fp-00102 Notice, to the extent appropriate, must be delivered conventionally to:**

Josephine Amatucci
PO Box 272
Wolfeboro Falls, NH 03896

## Orders on Motions

1:22-fp-00102 Amatucci v. Mullen et al **CASE CLOSED on 06/16/2022**

CLOSED

# U.S. District Court

## District of New Hampshire

### Notice of Electronic Filing

The following transaction was entered on 9/13/2022 at 8:36 AM EDT and filed on 9/13/2022
**Case Name:**        Amatucci v. Mullen et al
**Case Number:**      1:22-fp-00102
**Filer:**
**WARNING: CASE CLOSED on 06/16/2022**
**Document Number:** No document attached

**Docket Text:**
**ENDORSED ORDER mooting [4] Motion to Dismiss.** *Text of Order: Josephine Amatucci has filed a motion to dismiss (Doc. No. 4) a case she filed in this Court, docketed as Amatucci v. Mullen, 22-fp-102. Because Mrs. Amatucci never paid the filing fee or applied for in forma pauperis status in this case, it was terminated on June 16, 2022, and was never opened as a civil case. Accordingly, her motion to dismiss is denied as moot. So Ordered by Chief Judge Landya B. McCafferty.(ed)*


**1:22-fp-00102 Notice has been electronically mailed to:**

**1:22-fp-00102 Notice, to the extent appropriate, must be delivered conventionally to:**

Josephine Amatucci
PO Box 272
Wolfeboro Falls, NH 03896

# UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE
55 PLEASANT STREET, ROOM 110
CONCORD, NEW HAMPSHIRE 03301-3941

**OFFICE OF THE CLERK**
Daniel J. Lynch, Clerk of Court
Tracy Uhrin, Chief Deputy Clerk

Telephone: 603-225-1423
Web: www.nhd.uscourts.gov

October 19, 2022

*[handwritten: No Docket Need In A New Cause Of Action]*

Josephine Amatucci
P.O. Box 272
Wolfeboro Falls, NH 03896

Re: Motion dated October 14, 2022 *(5814)* [circled]

Dear Ms. Amatucci,

The enclosed motion is being returned to you due to the absence of a docket number on the motion. In order for the motion to be filed into the correct case, you will need to provide a copy of the motion with the docket number included.

Sincerely,

Brandy Fantasia
Deputy Clerk

/bmf
enclosures