5887

FILED - USDC -NH
2023 FEB 27 AM 10:46

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Josephine Amatucci

v.

Laplante, Mullen individually

Ransmeier & Spellman officially          Docket 22-CV-547-LM-CPATTERTY


VIOLATION OF THE FEDERAL CONSTITUTION

WHERE THERE CAN BE NO RULING BY THE JUDGES

A JUDGMENT AS A MATTER OF FEDERAL LAW

FRAUD IS NEVER FINAL

1.     The UNITED STATES SUPREME COURT stated in the case of Davis v. Wechsler:

"Where rights secured by the Constitution are involved, there can be NO RULING made by a judge that would abrogate them. The courts may deal with what they think is proper in local matters, but they CANNOT treat it as defeating a plain assertion of a FEDERAL RIGHT". Ward v. Love County, 253 U.s. 17, 22, 40 S. Sup. Ct. 419. "If the Constitution and laws of the United States are to be enforced, the Court cannot accept as final the decision of the judges."

CASE IS NINE YEARS OLD

A VIOLATION OF A SPEEDY TRIAL

2.       Where this case is close to 9 years old, as the Plaintiff was arrested on May 7, 2014, and a HEARING was held for cross summary judgments on September 24, 2018, the Plaintiff is demanding a judgment as a matter of the violation of the Constitutional Law, Law of the Land, that her unlawful Federal violation claims go IMMEDIATELY before a jury of her peers for

1

damages. As allowed under 1983.

## VIOLATION OF HER LIBERTY RIGHTS

### UNLAWFUL DETAINMENT

(a)     There was a Constitutional violation under the Sixth Amendment, in a conviction for Disobeying a Police Officer, by the trial court judge, a violation of the Speedy Trial Doctrine, under the Sicth Amendment which is a .....CLEARLY ESTBLISHED LAW.... that the police violated the Speedy Trial Doctrine when they held a trial more than a year after her arrest, when according to the Sixth Amendment the trial should have been held no later than 70 to 90 days limitation after her arrest, especially when an elderly person is involved. The Plaintiff was arrested on May 7, 2014 and a trial was not held until June 25, 2015. One year and 3 weeks after her arrest. The Plaintiff is 84 years old. See the case of The State of NH v. Nicholas Allen No. 2002-732. The trial was an unlawful detainment of her liberty rights a violation of the Federal Constitution under the Fourth Amendment, and Due process of law. And a violation of the Sixth Amendment. Where the rulings of the trial court judge are VOID OF NO LEGAL FORCE, where the Conviction for Disobeying a Police officer is VOID OF NO LEGAL FORCE.

### UNLAWFUL PROSECUTION FOR SPEEDING

(b)     The Plaintiff was PROSECUTED for Speeding, when Speeding is not a crime in New Hampshire, therefore, the PROSECUTION was a Fourth Amendment unlawful seizure, where there is .... No immunity .... when the conduct violates a CLEARLY ESTABLISHED STATUTORY CONSTITUTIONAL RIGHT.

(c)     A Constitutional violation by employees of a municipality are brought under 1983 for damages. a violation of the Fourteenth Amendment. Against Chase, a policymaking official and prosecutor Morgan who PROSECUTED the Plaintiff for Speeding.

(d)     That in New Hampshire you do not go to jail for disobeying a police officer, therefore, where she was not allowed bail and spent the night in jail, this was a KIDNAPPING. Detained unlawfully.

### FRAUD ON/BY THE COURT

(e)     Under Fraud there is no IMMUNITY, no restrictions, no violations of the Statute of Limitations. Fraud is NEVER FINAL. That judge Laplante lost jurisdiction in the case when he violated the Plaintiff's Constitutional Rights, and did not allow her claims of the violation of the Constitution to move forward, and dismissed her claims unlawfully. All of his rulings in the case are VOID OF NO LEGAL FORCE.

(f)     That defendant Attorney Mullen violated his Code of Conduct when at the hearing

for cross-summary judgments Mullen committed FRAUD when he falsely stated to the Court that the Plaintiff was not arrested and prosecuted for speeding. And where defendant Laplente fraudulently stated there was no proof in the record that she was arrested for speeding, when the claim was not that she was arrested for speeding, but that she was unlawfully PROSECUTED FOR SPEEDING, as speeding is not a crime in New Hamphsire, therefore Laplante conspired with Mullen by denying her nlawful PROSECUTION FOR SPEEDING claim, a violation of the Speedy Trial Doctrine, of a long detention, a violation of her LIBERTY RIGHTS, see the case of Zedner v. United States, the SUPREME COURT ruled that criminal defendants be brought to trial WITHIN 70 DAYS OF BEING CHARGED. No more than 9 months is required for pretrial delay or the dealy will be considered...........PREJUDCIAL. Panzera 139 N.H. at 239, 652, A.2d at 138.

## A MONELL CLAIM

(G)     Police Chief Stuart Chase and the prosecutor Morgan as policymaking individuals unlawfully prosecuted the Plaintiff for speeding, a violation of the Fourth Amendment, Due Process, and the Sixth Amendment Doctrine where there was a violation of the Speedy Trial Doctrine when a was held long after 70-90 day limit to hold a trial. Making the rulings of the trial court judge VOID OF NO LEGAL FORCE. Making the CONVICTION for Disobeying a Police Officer VOID OF NO LEGAL FORCE.

## LAPLANTE LOST ALL JURISDICTION

(h)     The United States Supreme Court stated in the case of Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 1687 (1974):

"when an ACT is in violative of the Federal Constitution, he "comes into conflict with the Superior Authority of the Constitution, and he is in that case stripped of his official or representative character and is subjected ...in his person...to the consequence of his INDIViDUAL CONDUCT. And there is no power to impart on him an IMMUNITY from responsibility to the Supreme authority of the UNITED STATES. Therefore under the law Joseph Laplante was not acting as a judge but as an INDIVIDUAL. (in his person)".

Judges have no IMMUNITY for aiding, assisting or conniving with others who perform FRUDULENT ACTS. Judicial immunity does not exist for judges who engage in fraudulent activity. (Laplante conspired with Mullen in denying that the Plaintiff was unlawfully PROSECUTED FOR SPEEDING, where he knew speeding was not a crime in New Hampshire.)

The Illinois Supreme Court in the case of Von Kettler v. Johnson, 57 Ill. 109 (1870) held that "if a judge has no jurisdcition, then he and those who advise and act with him, or execute his process are 'TRESPASSORS"

Under Federal law, the U.S. Supreme Court stated that is a court is "without

3

authority, its judgments and orders are regarded as NULLITIES, they are NOT AVOIDABLE but simply void; and form no bar to a recovery sought, even prior to reversal in opposition to them. They constitute no justification; and all persons concerned in executing such judgments are considered, in law, TRESPASSERS. Elliot v. Piersol, 1 Pet. 328, 340, 26 U.S. 328, 340 (1828). Whenever a judge acts where he/she is without JURISDICTION, he has engaged in TREASON . U.S. v. Will 449 U.S. 200, 216, 101 s.C. 471, 66 L.Ed.2d 392, 406 (1980).

The Illinois Supreme Court held that if a Court "could not hear the matter upon the jurisdictional paper presented, its findings that it had the power can add nothing to its authority -it has/had no authority to make that finding."

The People v. Brewer, 128 Ill. 472, 483 (1928). In Yates v. Village of Hoffman Estates, Illinois, 209 F. Supp. 757 (N.D. Ill. 1962) held that "not every action by a judge is an exercise of his judicial function. ...it is not a judicial function for a judge to commit an INTENTIONAL TORT even though the tort occurs in the courthouse."

### ABUSE OF PROCESS-FRAUDULENT MISREPRESENTATION

### LEGAL MALPRACTICE-PERSONAL INJURY

Occured at the decision of the hearing for cross summary judgments where the Court denied that the PROSECUTION of the Plaintiff for Speeding allowed IMMUNITY to the defendants due to the fact that they had PROBABLE CAUSE to stop her for speeding.  This was not about the ........STOP........this claim is about the unlawful PROSECUTION FOR SPEEDING.

See the case of Bone v. Barnard, 2008 Ark. App. Lexis 569 (Ark. Ct. App. Sept. 10 2008). Stating in order to prove the tort of abuse of process, the Appellant has to establish that the procedure was PERVERTED to accomplish an ULTERIOR PURPOSE for which it was not designed. A judicial process used to extort or coerce. An improper use of process in order to accomplish a purpose for whicha the process was not designed. Routh Wrecker Serv. Inc. V. Washington.

In Laplante's absence of complete jurisdiction, there is no discretion, and absoute judicial immunity is missing. Stump v. Sparkman 435 U.S. 349. That when he acted wrongly, although in good faith, is nevertheless liable in a civil action and cannot claim the immunity of the sovereign. Cooper . O'Conner. He will be held civilly liable for ABUSE OF PROCESS when he had NO JURISDICTION. LITTLE V. U.S. Fidelity & Garanty Co. 217 Miss . 576, 64 So.2d 697.

The law repugnant to the Constitution is VOID. Marbury v. Madison. Fraud upon/on the Court does NOT SUPPORT or UPHOLD the Judicial Machinery of the Court. The Court is governed by the RULE OF CRIMINAL PROCEDURE and the Rules of Evidence, all which :

"is overseen by CONSTITUTIONAL LAW"

That every case which has FRAUD involved can be RE-OPENED at any time, because there is NO STATUTE OF LIMITATION on FRAUD. A judge is NOT THE COURT, People v. Zajic, when a judge knows he lacks jurisdiction or ........ACTS IN THE FACE OF CLEARLY VALID CONSTITUTIONAL RIGHTS, expressly depriving him of jurisdiction, JUDICIAL IMMUNITY IS LOST. Rankin v. Howard, Davis v. Burris 51 Ariz. 220, 75 P.2d 689 (1938).

WHEREFORE : Where this case is nine years old, the Plaintiff is DEMANDING a jury trial for damages immediately without delay.

Respectfully,

Josephine Amatucci

February 7, 2023

*Josephine Amatucci*

FROM: J. AMMUCCI
P.O. BOX 292
WolfeBoro Falls, N.H. 03896



MANCHESTER NH 030

24 FEB 2023 PM 3 L

United States District Court
District of New Hampshire
Office of the Clerk
55 Pleasant St.
Room 110
Concord, N.H. 03301

03301-394135