FILED – USDC –NH
2023 FEB 21 PM 12:40

8000

## THE UNITED STATES DISTRICT COURT

### DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

v.

Mullen, Laplante, INDIVIDUALLY

Ransmier  & Spellman,  Officially,

Stuart Chase, INDIVIDUALLy,                    Docket 22-cv-547 LM

 Town of Wofeboro, OFFICIALLY          JURY TRIAL DEMANDED IMMEDIATELY

### JUDGMENT AS A MATTER OF LAW

### SUMMARY JUDGMENT

1.      This event occurred on May 7, 2014.   NINE years ago when the  Plaintiff was

arrested and  PROSECUTED for the offenses of  speeding and disobeying a police officer,

### A SET UP

2.      A trial was held and The Plaintiff was found.......... NOT GUILTY.......... of speeding

by the trial court  Judge James Patten,  who noted in his ORDER AFTER THE TRIAL that the

officer who accused the Plaintiff of  speeding was shown to be advising  DISPATCH that he

was 'attempting to stop her' on Center Street.  After he  was advised  by DISPATCH to be

on the lookout for her, and was  given the description of her car.  Where the trial court

Judge Patten stated,

        " Clearly the implication of the exchange between the officer and DISPATCH is that
the officer knew that the vehicle he observed was the defendant and he was GOING TO TRY TO
STOP HER."

1

Regarding the conviction by Judge Patten at the trial,  see the evidence where I asked

Judge Patten to remove the conviction on May 4, 2016, and  he recused  himself on

June 16, 2016,  so that he would not admit he committed FRAUD.

THE PLAINTIFF'S  LAWSUIT

3.       The Plaintiff filed a lawsuit for the...... UNLAWFUL PROSECUTION FOR SPEEDING

and DISOBEYING A POLICE OFFICER offenses,  of which she was accused of by the police,

the lawsut not based on the fact that she was .... STOPPED.....for  SPEEDING,  but for the

unlawful PROSECUTION for Speeding,  where  Speeding  is not a crime in New Hampshire.

A  Fourth Amendment violation when she was  detained of her liberty when responding

to the offenses by the police at trial.

4.       At trial  she was found NOT GUILTY of Speeding by the trial court Judge.

A CROSS SUMMARY JUDGMENT HEARING

5.       She was incarcerated for the offenses of speeding and disobeying a police

officer,  and a cross summary judgment heaing between defendant Mullen and the

Plaintiff was held in the United States District Court  On December 27, 2018 under case

number 1:17-cv-00237 JL- by Judge Joseph Laplante.

6.       Judge Laplante allowed   defendant  Mullen summary judgment based on the

FRAUDULENT MISREPRESENTATION of the  Plaintiff's version of events.  Fraud between

the parties where the impartial functions of the court have been directed corrupted.

Case pf Bulloch v. United States 763 F.2d 1115, 1121 (10th Cir. 1985).  Kenner v. C.I.,R.Marcury

v. Madison, 1 Canch 137 (1803).

7.       The Plaintiff's lawsuit was based entirely on the unlawful PROSECUTON for

Speeding,  where speeding is NOT A CRIME IN NEW HAMPSHIRE,  however,  Judge

Laplante  FRAUDULENTLY allowed Mullen's summary judgment when both Mullen and

2

Judge Laplante stated that there was NO EVIDENCE in the files, or in the record that the Plaintiff was prosecuted for speeding, both insisting that the prosecution was only for the disobeying a police officer offense.

### FRAUD ON/UPON THE COURT

8.      The Supreme Court in the case of Takhar v. Gracefield Developments held March 20, 2019 contained the competing principles of finality of litigation and stated that

"FRAUD UNRAVELS ALL".    Before Mullen and Laplante, in the files, in the record, there was an AFFIDAVIT filed by defendant Stuart Chase, UNDER OATH , where Chase stated UNDER OATH that the Plaintiff was PROSECUTED FOR BOTH SPEEDING AND DISOBEYING A POLICE OFFICER.   That defendants Laplante and Mullen knew or SHOULD HAVE KNOWN of this Affidavit filed in the record and case file.   Fraud vitates every transaction every transaction into which it enters.   The people of the State of illinois v. Freed E. sterling, Allen F. Moore v. Stanley f. Sievers, in re Village of Willowbrook, and Dunham v. Dunham.

9.      A GENUINE ISSUE, of material fact for allowing the Plaintiff's Summary Judgment . which was FRAUDULENTLY denied by Mullen and Laplante, in an Abuse of Process, an improper use of process. A malpractice. To further prove FRAUD, see evidence of page 75 and 76 of the......TRANSCRIPT.....of the hearing for the cross summary judgments where Judge Laplante removes the rest of his sentence in the Transcript where he states and ADMITS that the Plaintiff was INDEED PROSECUTED FOR SPEEDING.   He doesn't wamt this evidence in the files, so that the Plaintiff cannot appeal this issue.

10.      The Plaintiff's lawsuit was based on a violation of the United States  Constitution in violation of the Fourth Amendment, of an unlawful seizure of her LIBERTY RIGHTS, where there was NO PROBABLE CAUSE for the Prosecution for speeding, , and where the unlawful detainment of a person's LIBERTY RIGHTS it is CLEARLY ESTABLISHED. Where any

3

decision or any OPINION or any REPORT by a Magistrate or a  judge will not/does not

cannot  OVERRIDE THE rights allowed under the FEDERAL CONSTITUTION,  of the LAW OF THE

LAND.

### A VIOLATION OF THE SIXTH AMENDMENT  SPEEDY TRIAL

11.	The Plaintiff was arrested and incarcerated on May 7, 2014 and  a violation

of the Sixth Amendment  Speedy Trial Clause,  where the trial was held beyond the

70-90 days  allowed to hold a trial .   Therefore the rulings of the trial court judge, the

Conviction at the trial for disobeying a police officer,  is VOID of no legal force and

must be reversed.   Therefore Judge Laplante where based on the trial held by

Judge Patten,  are VOID OF NO LEGAL FORCE.

### DISOBEYING A POLICE OFFICE

12.	In New Hampshire you do not go to jail for the offense of disobeying a

police officer.  this was a KIDNAPPING,  unless there is violence or a car accident

is involved.

### A MONELL CLAIM

13.	Under Monell when a policymaking official,  police chief chase, and the

prosecutor Mr. Morgan,  violate the persons Constitutional rights, for the unlawful

PROSECUTION for speeding,   there is liability  to the  Town of Wolfeboro,  OFFICIALLY.

The Plaintiff very recently filed with the Selctman and the commissioner and the town

manager a cause and connection between the defendants and the police misconduct,

when the Selectman,  commissioner, and town manger coninuously refused to

investigate and discipline police misconduct.   The evidence was in the amont of 30

incidents as evidence of a de facto policy by the defendants. The Plaintiff will produce

these 30 or more pages for the court if necerssary of the de facto police evidence.

4

That is contrary what Mullen and Laplante state on page 19 of the hearing of the cross summary judgments,  there certainly is a MONELL CLAIM based on the de facto policy custom of the defendants.

JUDGMENT AS A MATTER OF LAW

CITING RSA SECTION 491:8-a

14.        The Summary Judgment standard is warranted if the movant  present a genuine issue of material fact as to any material fact and reflect's the :

"Movant's entitlement to.................JUDGMENT AS A MATTER OF LAW

 A Summry Judgment issue is "genuine " if the EVIDENCE would enable a reasonable factfinder to decied the issue in favor of the  movant.  Citing New Hampshire Section 491:8-a Motions for Summary Judgment,  it states .......

111 "Summary Judgment SHALL BE RENDERED if the pleadings,  depositions, answers to interrogatories,  and admissions......ON FILE, TOGETHER WITH AFFIDAVITS FILED, show there is a genuine issue as to any material fact,  and that the moving party is ENTITLED TO JUDGMENT AS A ..........MATTER OF LAW."

15.         On file in the court records  before the issuing judge Laplant and before defendant Mullen,   was filed an Affidavit given ...... UNDER OATH..... by the defendant former Police Chief Stuart Chase,  dated July 24, 2018,  where Chase is  admitting that the Plaintiff was ............PROSECUTED ............for speeding.  Therefore when Laplante and Mullen stated that she was NOT PROSECUTED for speeding they were committing FRAUD ON/UPON THE COURT.    There is NO IMMUNITY for anyone when there is a  violation of the United  States Constitution,  there is no immunity for judge Laplante acting as an individual, and not as a judge,  when he lost all jurisdiction to hear the case under FRAUD.

16.        FRAUD removed the jurisdiction of Judge laplante to allow Mullen summary judgment,  and under FRAUD  Laplante's  rulings allowing Mullen summary

5

judgment are ...............VOID OF NO LEGAL FORCE

17.        Under Fraud,  and when there is a violation of the Constitution,  there is no Res

Judicata,  no Collateral Estoppel and no Statute of Limitations,   Fraud is NEVER FINAL.


WHEREFORE:  Under her right for JUDGMENT AS A MATTER OF LAW,  the Plaintiff is asking for a
jury trial for damages as allowed under 1983,  for her unlawful malicious prosecuton for both
the speeding and disobeying a police officer offenses,  for her unlawful detainment during an
unlawful trial which was a violation of the Speedy Trial Clause,  especially for the elderly,  as the
Plaintiff is an elderly person,  damages against the Town, against Chase individually,  and for a
Fraud claim against Mullen and Judge Joseph Laplante.  Of serious mental anguish of the
Plaintiff.  If there is no jurisdiction,  there is no discretion Piper v. Pearson, 2 Gray 120 cited in
Badley v. Fisher 13 Wall. 335, 20 L.Ed. 646 (1872).  A judge is not immune for acts committed in
a purely non-judicial capacity. Stump v. Sparkman,  where he knew or SHOULD HAVE KNOWN
of the Affidavit filed by Stuart Chase. His judgments are not VOIDABLE,  but simply VOID.  And
form no bar (no restriction) to a recovery sought,  even prior to a reversal in opposition to
them.  They constitute no justification,  and all persons concerned in executing such judgments.

 c.  all defendants,  town, mullen, laplante ransmeier & spellman, Chase

Feb 17, 2023

Josephine Amatucci

6

From: J. Amatucci
P.O. Box 272
WolfeBoro Falls, N.H. 03896



United States District Court
District of New Hampshire
Office of the Clerk
55 Pleasant Street
Room 110
Concord, New Hampshire 03301