8006



UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

v.

Joseph Laplante, Mullen,  INDIVIDUALLy           Docket 22-cv-547

Ransmeier & Spellman ,  OFFICIALLY                  jury trial demanded

Chase,  individually,  Town of Wolfeboro

OFFICIALLY

MOTION FOR SUMMARY JUDGMENT AS A MATTER OF FEDERAL LAW

FOR AN UNLAWFUL MALICIOUS PROSECUTION FOR SPEEDING

MANDATING THAT THIS CASE IS GOING TO A JURY OF MY PEERS IMMEDIATELY.

The Plaintiff added Chase to her lawsuit and i adding the Town under her Monell claim, based on the actions of the town prosecutor Morgan.  Judge Laplante agreed on page 21 at the hearing for cross summary judgments,  that I had a claim against Chase when he stated,  "YOU ALREADY HAVE A CASE AGAINST CHASE".

Please note the FRAUD ON/UPON THE COURT,  where never never never do you hear Mullen agreeing that I was arrested and prosecuted for speeding,  although he had evidence in the files, in the records,  which he claims he INVESTIGATED the evidence in the record tirelessly, there is no doubt he saw an AFFIDAVIT UNDER OATH of Stuart Chase admitting that the Plaintiff was indeed...........ARRESTED AND PROSECUTED FOR SPEEDING AND DISOBING.. But under FRAUD ON/UPON THE COURT,  neither Mullen or judge Laplante ever litigated the violation of my civil rights in an unlawful prosecution for speeding.

At the hearing for cross summary judgments the Judge and Mullen distort the case by ignoring

1

my claim of an unlawful prosecution for speeding,  by basing my claim on the arrest,  for speeding,  the probable cause to STOP my car,  and the prosecution for disobeying.  Never never mentioning and litigating whether the prosecution for speeding was unlawful and a Fourth Amendment violation of my liberty rights.

### MOTION FOR JUDGMENT AS A MATTER OF FEDERAL LAW

1.      In September of  2018, a hearing was held   for cross summary judgments.

2.      The Plaintiff's Summary Judgment dated June 18, 2018 listed as one of her most important claims ..........an an unlawful FOURTH AMENDMENT MALICIOUS PROSECUTION for SPEEDING,  under 1983.   As speeding is not a crime in New Hampshire, you just get a violation ticket,  you don't GET ARRESTED and you DON'T GO TO TRIAL and get PROSECUTED FOR SPEEDING IN NEW HAMPSHIRE.   Beisdes, the Plaintiff being  found NOT GUILTY FOR  SPEEDING by the trial court judge.

### ABUSE OF PROCESS
### AGAINST AN ELDERLY PERSON OF 80 YEARS OLD

3.      At the hearing Judge Laplante tactfully never litigated this claim.  He based this claim on an unlawful arrest and STOP for speeding,  not on an unlawful PROSECUTION. Fraudulent Misrepresentation upon/on the court.  The Fraud which included defendant Mullen,  who agreed with the judge that the prosecution by the police was only for the disobeying a police officer offense.  Judge Laplante abused abused abused me when he insisted that it was not true that a .......SINGLE DECISION....by a municipality POLICYMAKER, ( the prosecutor  Morgan)   establishes a MONELL CLAIM.  See the case  of Pembaur v. City of Cincinnati 475 U.S. 469 (1986),  he denied that there was nothing in the records to prove that I was ARRESTED AND PROSECUTED FOR SPEEDING,  when there was in the record an Affidavit under Oath of police chief Stuart Chase confirming I was

2

ARRESTED AND PROSECUTED FOR SPEEDING. An unlawful seizure under the Fourth Amendment, a denial of my liberty rights a violation of Due Process. He denied Chase was involved in my arrest, when before him in the records was the Deputy Sheriff Thompson's Affidavit under oath that Emerson, the police chief and Thompson arrested me. All for the purpose of not allowing me my rights to damages under 1983. And in doing so Judge Laplante was TRESPASSING AGAINST THE CONSTITUTION, under Fraud, acting as an INDIVIDUAL and not as a judge making his rulings VOID OF NO LEGAL FORCE.

FRAUD ON/UPON THE COURT

AN UNLAWFUL PROSECUTION FOR SPEEDING

NOT ABOUT THE ARREST OR "STOP"

4.     My Summary Judgment named Stuart Chase as the defendant. Judge Laplante and Mullen insisted that Stuart Chase was not involved in the Arrest and/or the STOP. However Chase and the prosecutor Timothy Morgan as poicymaking officials, violated the Plaintiff's Civil Rights when they prosecuted her for speeding, when speeding is not a crime in New Hampshire, and when she was found NOT GUILTY by the trial court Judge. A viable MONELL CLAIM as addressed by the Plaintiff in her summry judgment motion.

5.     On page 8 of the transcript of the hearing of the cross summary judgments the Plaintiff makes it clear that her Monell claim was not based on the town refusing to investigate police misconduct, but based on the fact that the POLICYMAKERS Officials of the town, Chase and the prosecutor Timothy Morgan, were the cause of the violation of my Fourth Amendment malicious prosecution for SPEEDING. A Monell claim for liability for the Town.

FRAUD ON/UPON THE COURT

## EVEN IN ONE INSTANCE THERE IS A MONELL LIABILITY CLAIM

6.      Page 11, In disputing my Monell claim, the judge said it was not enough that Chase and Morgan violated your civil rights, you have to prove a POLICY or PRACTICE of the town to undertake that type of Conduct.  However, I stated under Monell even if it happened just once, even in one instance, there is liability for the town.

7.      If necssary to her Monell claim, please find attached evidence of the town's policy of refusing to INVESTIGATE AND DISCIPLING THE POLICE, of the DELIBERATE INDIFFERENCE of the town, citing a POLICY AND PRACTICE of the town that Judge Laplante is looking for as evidence of a Monell claim.  On page 18 under Fraud the jude is continuing to deny my claim that a Monell claim can be brought if my civil rights were vioalted for just one instance. What he is doing is he wants me to come up with a policy and practice of the town, knowing I would not have this proof at the time, however, I am attaching this proof with this Motion. So his FRAUD to deny me my Monell clam CONTINUES.  The judge is insisting that an isolated incident is no liability of the town. See page 19 and page 20.

8.      On page 23 the Judge goes on to say,

   "if you had evidence of habitual practice like this on the part of the town, discussions among town officials that supported this type of conduct, evidence that they knew about it, what happened to you, over time and were INDIFFERENT to it, there had been people like you had repeatedly brought this up and they ignored it or they approved it. This would be evidence of the CUSTOM, POLICY , PRACTICE of the town.

9.      I produced a pattern evidence that Chase was Terminated becasue he did to a Cynthia Kennedy the same thing he did to me, he attacked her for accusing 'his men' of misconduct. That is a pattern. The problem with how the judge tactically preented his view of what must be submitted as a practice or custom of the town, that is of others who complained about police misconduct of the police, he knew this would be IMPOSSIBLE about others,  because he knows or should know the police TEAR UP THESE COMPLAINTS. So that

they would not be available, they did not exist.  As the court can see from the evidence attached the town is stating there is……. NOTHING IN THE RECORD….. to show any complaints against the police.  FRAUD ON/UPON THE COURT. HELLO does anyone know that police chief Chase was TERMINATED because he violated my civil rights, a MONELLCLAIM in evidence.

10.        Transcripts are defective, here on page 24 the Court is appearing to agree with my version of a Monell claim,  but the evidence of Judge Laplante's actual statemet is tampered with , left out, by the Transcriptor, presumably by the order of Laplante.

11.        On page 29 and 3o, Judge Laplante states that if you was arrested, detained and prosecuted for disobeying at the same time as speeding how could you be damaged for the speeding prosecution.  Of course the answer to that question is my liberty was violated when I had to defend myself at the trial for the unlawful speeding prosecution that was going on in the court.  I was being detained for the speeding when in violation of my libety rights I was detained until the trial where the police were prosecuting me for a speeding offense.  I was detained unlawfully when I had to appear in court for a prosecution for speeding, a violation of my liberty righs.

12.         On page 49 the involvement of Chase in this case is evidenced with a statement by the Deputy Sheriff Thompson's AFFIDAVIT UNDER OATH, stating that "Amatucci was then taken into custody by Officer Emerson, WOLFEOBORO POLICE (Police Chief Stuart Chase) and I.

13.        On page 50 I state no immunity of the police when there is a violation of the Federal Fourth Amendment, for an unlawfu prosecution for speeding.

12.         On page 52 ……UNDER FRAUD ON/UPON THE COURT ….Mullen like laplante Mullen is ignoring my claim based on an unlawful prosecution for speeding,  and like

5

Laplante, Mullen is basing the case on probable cause to ..........STOP ....my car. When the STOP has nothing to do with the prosecution for speeding, where speeding is not a crime in New Hampshire.

13.     On page 61 Judge laplante states:

"I HAVE COMBED THE RECORD CAREFULLY AND EXHAUSTIVELY"

If he did so, he found the AFFIDAVIT of police chief Stuart Chase UNDER OATH stating that Josephine Amatucci was arrested and PROSECUTED FOR BOTH:

"SPEEDING AND DISOBEYING"

14.     Under Fraud Mullen goes on on page 62 to fraudulently state that where the officer had probable cause to stop her..........THE MALICIOUS PROSECUTION CLAIM FAILS. of course he is talking about the disobeying offense.

15.     Under page 63 Mullen states that because Chase did not participate in her arrest (which he did according to the evidence of the Deputy Sheriff Thompson in an Affidivit under oath) , Chase did not participate in her prosecution. The question is if Chase did not participate in my unlawful prosecution for speeding,

"WHY WAS CHIEF CHASE TERMIANTED BY THE TOWN OF WOLFEBORO".

Also on page 21 Judge Laplante agreed that I had a case against Chase. Also on this page Mullen states under the continueing FRAUD ON/UPON THE COURT in this case that there is no evidence .......IN THE RECORD that Chase was involved in the arrest, when in the record is the AFFIDAVIT of Deputy Sheriff Thompson stating UNDER OATH that Emerson, Chase and he himself arrested me. The three of them.

16.     On page 66 Mullen insists there is no Monell claim because there is absolutely no EVIDENCE of a custom or policy of the town, when the Plaintiff submitted evidence. However, for further evidence please see the evidence of DEIBERATE INDIFFERENCE of

the town, a Monell claim.  Even though there is a claim under Monell for the prosecution for speeding, a violation of her civil rights, where by the way THERE IS NO IMMUNITY.

17.     On page 68 under FRAUD FRAUD FRAUD, Judge Laplante is basing my claims over and over on the ARREST for failing to stop, about the disobeying offense.

18.     On page 75 and page 76, not to litigate the unlawful prosecution for speeding, again the judge under FRAUD states I was prosecuted for speeding, but becaue I was also prosecuted AT THE VERY SAME TIME.

19.     On page 84 the judge adjourned when I told him my claim was not about being arrested for disobeying, but being arrested for speeding, and the UNLAWFUL PROSECUTION FOR SPEEDING.

RESPECTFULLY

*Josephine Amatucci*

JOSEPHINE AMATUCCI

MARCH 1, 2023

town, under 42 U.S.C. § 1983, for a constitutional violation where "action pursuant to official municipal policy of some nature caused a constitutional tort." 436 U.S. 658, 691 (1978). Mrs. Amatucci alleges that, under the Fourth Amendment, the Town is liable to her for the malicious prosecution for speeding at issue in this case, because that prosecution was the effectuation of "de facto" municipal policies to ignore police misconduct and police misconduct complaints, and to violate Mrs. Amatucci's rights when she complained about the Wolfeboro Police Department ("WPD") and Town officers. Mrs. Amatucci has stated the minimum facts necessary to state a Fourth Amendment malicious prosecution claim against the Town under Monell. Accordingly, in an Order issued this date, the court directs that the Monell claim be served on the Town, and further directs the defendants to answer that claim. *A malicious prosecution for the arrest and prosecution for speeding*

B. Unlawful Detention

Mrs. Amatucci asserts that the court has not considered her claim challenging her pretrial "detention" that allegedly began on May 7, 2014 and lasted through the criminal prosecution at issue here. Mrs. Amatucci's claim that she was detained, due to "the wrongful institution of legal process," is properly brought as a Fourth Amendment malicious prosecution claim. See Filler v. Kellet, 859 F.3d 148, 152 n.2 (1st Cir. 2017) (recognizing

*[handwritten annotations: "c/1 — 1 INCIDENT BY POLICYMAKER" and "Monell"]*

Reardon Depo. 44:20-45:3, Biss. Decl. at *Ex. II*.[1] In any event, Defendants' Objection amounts to form over substance. However one characterizes the April 2012 memo, it (i) represented the MPD's established view that the secret recording of the police is a chargeable offense after *Glik* and (ii) was sent to Sgts. LeVeille and Sanders who then arrested Plaintiff under this view.

Second, the City argues that a "deliberate indifference" standard applies. *See* Defs.' Obj. p. 8. This argument is misplaced. The "deliberate indifference" standard does not apply to Plaintiff's *Monell policy* claim. *See, e.g., Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 404-05 (1997) ("Where a plaintiff claims that a particular municipal action itself violates federal law, or directs an employee to do so, resolving [the] issues of fault and causation is straightforward.").[2] The "deliberate indifference" standard only applies to Plaintiff's separate *failure to train Monell* claim. *See Joyce v. Town of Tewksbury*, 112 F.3d 19, 22-23 (1st Cir. 1997) (reciting standard in failure to train claim).[3]

Third and relatedly, the City contends that Plaintiff's *Monell* policy claim fails because Plaintiff has not identified "similar incidents involving Manchester Police Officers." *See* Defs.' Obj. pp. 8-9. However—setting aside the March 2017 incident documented on YouTube—a plaintiff can establish liability even for a single incident under a *Monell* policy claim. *See, e.g., Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 125–26 (2d Cir. 2004) ("It is not necessary ... for plaintiffs to prove that a municipality has followed a particular course of action repeatedly in order to establish the existence of a municipal policy; rather, a single action taken by a municipality is sufficient to expose it to liability."). The United States Supreme Court has rejected the City's argument. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986) (plurality opinion) ("[I]t is

---

[1] For the sake of completeness, Plaintiff attaches the errata sheet for Lt. Reardon's deposition, which was recently produced. *See* Reardon Depo. Errata Sheet, attached to Third Bissonnette Decl. ("Third Biss. Decl.") at *Ex. CCC*.
[2] *See also Santiago v. Lafferty*, No. 13-12172-IT, 2017 U.S. Dist. LEXIS 49177, at *35 (D. Mass. Mar. 31, 2017) (same).
[3] The two other cases cited by Defendants—*Foley v. Town of Lee*, 871 F. Supp. 2d 39, 52-53 (D.N.H. 2012) and *Norton v. City of S. Portland*, 831 F. Supp. 2d 340, 365 (D. Me. 2011)—are also failure to train cases, not *Monell* policy cases.

With this understanding, it is plain that municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances. If the decision to adopt a particular course of action is directed by those who establish governmental policy, the municipality is equally responsible whether that action is to be taken only once or to be taken repeatedly. Pp. 475 U. S. 477-481.

2. It was error to dismiss petitioner's claim against the county. Ohio law authorizes the County Sheriff to obtain instructions from the County Prosecutor. The Sheriff followed the practice of delegating certain decisions to the Prosecutor where appropriate. In this case, the Deputy Sheriffs received instructions from the Sheriff's Office to follow the orders of the County Prosecutor, who made a considered decision based on his understanding of the law and commanded the Deputy Sheriffs to enter petitioner's clinic. That decision directly caused a violation of petitioner's Fourth Amendment rights. In ordering the Deputy Sheriffs to enter petitioner's clinic to serve the capiases on the employees, the County Prosecutor was acting as the final decisionmaker for the county, and the county may therefore be held liable under § 1983. Pp. 475 U. S. 484-485.

JUSTICE BRENNAN, joined by JUSTICE WHITE, JUSTICE MARSHALL, and JUSTICE BLACKMUN, concluded in Part II-B that not every decision by municipal officers automatically subjects the municipality to § 1983 liability. The fact that a particular official has discretion in the exercise of particular functions does not give rise to municipal liability based on an exercise of that discretion unless the official is also responsible, under state law, for establishing final governmental policy respecting such activity. Municipal liability under § 1983 attaches where -- and only where -- a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question. Pp. 475 U. S. 481-484.

BRENNAN, J., delivered the opinion of the Court with respect to Parts I, II-A, and II-C, in which WHITE, MARSHALL, BLACKMUN, STEVENS, and

Page 475 U. S. 471

O'CONNOR (except for Part II-C), JJ., joined, and an opinion with respect to Part II-B, in which WHITE, MARSHALL, and BLACKMUN, JJ., joined. WHITE, J., filed a concurring opinion, *post,* p. 475 U. S. 485. STEVENS, J., *post,* p. 475 U. S. 487, and O'CONNOR, J., *post,* p. 475 U. S. 491, filed opinions concurring in part and concurring in the judgment. POWELL, J., filed a dissenting opinion, in which BURGER, C.J., and REHNQUIST, J., joined, *post,* p. 475 U. S. 492.