RECEIVED - USDC -NH
2023 APR 20 PM 1:42

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Josephine Amatucci

v.

Mullen, et al                                         Case No. 1:22-cv-00547


MOTION TO ADD DEFENDANT'S

FORMER POLICE CHIEF STUART CHASE

AND TOWN OF WOLFEBORO


1.   This case HAS BEEN IN LIMBO FOR ENOUGH YEARS, a jury must be allowed IMMEDIATELY on the unlawful prosecution of the Plaintiff for a speeding prosecution that was FRAUDULENTLY denied by defendants Laplante and Mullen. That is that the truth was FRAUDULENTLY Denied for years by the defendants that the Plaintiff was indeed prosecuted for speeding by the former Police Chief Stuart Chase. Making the acts of Chase involved in this case, and making Chase a party to this lawsuit. By the defendants FRAUUDLENTLY MISREPRESENTING the evidence of the Affidavit by Chase UNDER OATH that existed in the records, that he Chase admitted that the Plaintiff was indeed PROSECUTED FOR SPEEDING, a violation of her Civil Rights, for an unlawfuly seziure, as speeding is NOT A CRIME IN NEW HAMPSHIRE, besides

1 *a*

the fact that the trial court judge found the Plaintiff NOT GUILTY for speeding.

2. This case is a denial by the defendants that Chase unlawfully prosecuted the Plaintiff for speeding, when speeding is not a crime in New Hampshire. About the denial of a Fourth Amendment unlawful seizure, where there is

NO IMMUNITY.

And a denial of the right to damages under 1983 for the unlawful seizure.

3. This case must only be ruled on by the Judge on the UNLAWFUL PROSECUTION FOR SPEEDING, which there is NO DISPUTE from the Affidavit of the former Police Chief Stuart Chase, stating ........" UNDER OATH" that the Plaintiff was indeed prosecuted for speeding. SPEEDING IS NOT A CRIME IN NEW HAMPSHIRE, this was a violation of the Plaintiff's Federal Civil Rigtts, of an UNLAWFUL SEIZURE. Where there is NO IMMUNITY, WHERE THERE WAS NO PROBABLE CAUSE.

4. Although the Plaintiff only wants this unlawful seizure addressed in this lawsuit, you will also address her UNLAWFUL CONVICTION FOR DISOBEYING A POLICE OFFICER. Although this will not tie up her right to a jury trial for the unlawful prosecution for speeding.

5. That is the Plaintiff is asking that the court mandate a jury trial for damages under for her unlawful without probable cause prosecution for speeding.

6. The fact that the Plaintiff'S evidence will also prove that her Conviction by the Judge at the trial, for the offense of Disobeying a Police Officer, was unlawful, and that this Court must reverse the Conviction, this issue will not get in the way for a jury trial for damages for the unlawful prosecution for speeding. That is the Plaintiff has waited YEARS AND YEARS OF FRAUD, before the defendants would admit

that the Plaintiff was unlawfully seized, and she does not want to wait another day for this Court to allow her a jury trial for the unlawful prosecution for SPEEDING.

7. That is the other issues addressed below will be tried separately, and will not tie up a jury trial for the speeding offense. For the acts of the defendants and those of the former Police Chief Stuart Chase actions and involvements in this case that cannot be separated. And after years and years and years where Mullen and Laplante have denied damages for the Plaintiff's unlawful seizure, the Plaintiff will not cannot wait any longer for JUSTICE. For damages allowed under 1983 for an UNLAWFUL SEIZURE FOR SPEEDING. A clear and determined law about which there is NO CONFUSION or question as to its interpretation and that legal error was egregious, made in bad faith, CLARLY UNCONSTITUTIONAL, when failling to follow and apply the evidence and law by Laplante and Mullen Where liability also extends to Ransmeier & Spellman under a Monell claim.

8. That under the Speedy Trial Law, the trial itself was unlawful and therefore the Conviction for Disobeying a Police Officer by the trial court judge was unlawful and is VOID OF NO LEGAL FORCE, and therefore must be reversed.

### CHIEF CHASE AFFIDAVIT UNDER OATH

9. The evidence beond a reasonable doubt in this case is the Affidavit dated July 4, 2018 written by Stuart Chase UNDER OATH that the Plaintiff was PROSECUTED for speeding. Exculpatory evidence denied by Laplante and Mullen.

### UNLAWFUL PROSECUTION

10. The Plaintiff was incarcerated for the offenses of Speeding and Disobeying a Police Officer, a violation of Due Process, as in New Hampshire you do NOT GO TO JAIL for SPEEDING or DISOBEYING A POLICE OFFICER. Speeding is not a crime and

3 *q*

for the offense of Disobeying a Police Offier, you are given a summons to appear in court........YOU ARE NOT PUT IN JAIL FOR DISOBEYING A POLICE OFFICER in New Hampshre.  The Plaintiff will present two recent cases in New Hampshire, where individuals were speeding in excess of 100 miles per hour ,  didn't stop for the police and yet were released on bail at the police station and were given a summons to appear in court.  They were NOT INCARCERATED for the offense of Disobeying a Police Officer.  They were just bailed out at the police station.  This is how this offense is treated in New Hampshire.  I was not allowed to bail out AT THE JAILHOUSE, I was not brought to the police station, and my car was towed by a tow company which is another crime by Chase, as your car is not towed for the offense of Disobeying a Police Officer.  Also, I have proof that I complained that Chase searched  my car when I was in jail and he stole the evidence I presented to him earlier at the police station, WITHOUT A WARRNT TO DO SO.   Another unlawful Act by Chase.

VIOLATION OF  SPEEDY CLAUSE

11.        The length of the delay to hold a trial weighs in in favor of the Plaintiff.  Specially,  where the delay to hold a trial exceeded nine months,  the delay is presumptively prejudicial.   State v. Fletcher, 135 N.H. 605, 607 (1992).   Langone, 127 N.H. at 54 (ten month delay in misdemeanor case presumptively prejucial);  Superior Court Speedy Trial Policy, App. to Sup. Ct. R. (misdemeanor cases pending six months without disposition shall be scheduled to a show cause hering on potential dismissal.

12.        A trial was held  in violation of the Speedy Clause act, as a trial was held longer than a year after the Plaintiff was seized by Chase.  A violation of the

Speedy Trial Act, especially so where the Plaintiff was an elderly person, an issue addressed under the Speedy Trial Act.

## A MONELL CLAIM

13.     Monell v. Department of Social Services of the City of New York (436 U.S. 658 (1978).

The Plaintiff can establish a Monell Claim against the Town of Wolfeboro and can prove the existence of Town policy, of Deliberate Indifference when refusing to conduct investigations on police misconduct, in a Monell claim.

The Plaintiff can also establish a MONELL CLAIM for the vioaltion of her Federal Civil Rights by Chase, and the prosecutor, policymaking officials under Monell. Where she can establish that under Monell there is liability of the Town of Wolfeboro for the acts of policymaking officials, EVEN FOR A SINGLE INCIDENT. See Amnesty am. v. Town of W. Hartford 361 F.3d 113, 125-26 (2d Cir. 2004). Pembaur v. City of Cincinnati, 475 U.s. 469, 480 (2986).

That the Town is liable whether the action is taken ONLY ONCE or to be taken repeatedly.

## AN UNLAWFUL IMPRISONMENT AND PROSECUTION
## WITHOUT PROBABLE CAUSE IN VIOLATION OF HER
## CIVIL RIGHTS WHERE THERE IS
## NO IMMUNITY UNDER A 1983 CLAIM

WHERE THERE WAS NO PROBABLE CAUSE TO PROSECUTE HER FOR SPEEDING and DISOBEYING as the trial was a violation of the Speedy Trial Act, and therefore all rulings by the judge at the trial are VOID OF NO LEGAL FORCE.

WHEREFORE: Where Chase acts are involved in the decisions of defendants Laplante and Mullen he certainly belongs as a defendant in this case, along with the Town of Wolfeboro

who are liable for the unlawful actions of Chase, for his violations of the Plaintiff's Federal Constitution, without probable cause, as stated under Monell. SEE ATTACHED AFFIDAVIT OF CHASE UNDER OATH ADMITTING THE PLAINTIFF WAS PROSECUTED FOR SPEEDING.

Respectfully

Josephine Amatucci

December 26, 2022

c.   Town of Wolfeboro , Ransmeier & Spellman

*Josephine Amatucci*
*April 19, 2023*

6 a

FROM: JOSEPHINE AMATUCCI
P.O. Box 272
Wolfeboro Falls, N.H. 03896



United States District Court
District of New Hampshire
Office of the Clerk
55 Pleasant St.
Room 110
Concord, N.H. 03301