N.H. 672, 676, 972 A.2d 1033, 1037 (2009) ("drivers simply are not free to disregard blue lights").

C. "Set Up"

Finally, Mrs. Amatucci argues that the pursuit of her car and her subsequent arrest were the result of a "set up" by Officer Emerson and Chief Chase to prevent her from reaching the CCSD and lodging a complaint against Chief Chase. Even assuming, without deciding, that the evidence before the court demonstrates that Officer Emerson and Chief Chase had an ulterior motive to stop Mrs. Amatucci's car other than to enforce traffic laws, such evidence would not generate a genuine issue of material fact sufficient to defeat defendants' motion for summary judgment, as "a traffic stop supported by probable cause [does] not violate the Fourth Amendment regardless of the officer's actual motivations." Reichle v. Howards, 566 U.S. 658, 665 n.5 (2012) (citing Whren, 517 U.S. at 812-13); see also Kenney, 670 F.3d at 358.

[Handwritten annotations: "Not The STOP The Prosecution For Speeding", "FRAUD LA PLANTE"]

III. No Seizure Pursuant to Legal Process

"In a malicious prosecution case brought under Section 1983, 'the constitutional violation lies in the deprivation of liberty accompanying the prosecution rather than in the prosecution itself.'" Moreno-Medina v. Toledo, 458 F. App'x 4,

19

6. Ms. Amatucci was then transported to the House of Corrections in Ossipee for processing. I had no contact or conversation with Ms. Amatucci during the incident.

7. During the entire incident, I gave no instructions to Officer Emerson or any other law enforcement personnel to pursue Ms Amatucci or to arrest her. Officer Emerson acted in accordance with his duties and responsibilities as a patrolman, without any instructions or guidance whatsoever from the Police Chief. Also, I played no role in her subsequent prosecution for speeding and failure to obey police officers.

The above is true to the best of my knowledge, information and belief.

_____
Stuart Chase

STATE OF _New Hampshire_
COUNTY OF _Carroll_

Before me on this _24_ day of _July_, 2018, personally appeared the above-subscribed Stuart Chase, and made oath that the statements contained are true and correct to the best of his knowledge, information and belief.

_____
Notary Public/Justice of the Peace
My Commission Expires: _March 29, 2019_

BRUCE J. BURROWS, Justice of the Peace
My Commission Expires March 29, 2019

prosecution claims relating to the prosecution for speeding on May 7, 2014.

Amatucci's motion for reconsideration (Doc. No. 224) is otherwise denied. The April 27, 2017 Order (Doc. No. 211) and June 7, 2017 Order (Doc. No. 222) remain in effect in all respects not inconsistent with this Order. All of the other claims in this case remain dismissed with prejudice.

Plaintiff is warned that she may risk imposition of an expanded filing restriction if she attempts to litigate any claims arising out of the events at issue in this lawsuit other than malicious prosecution claims relating to the prosecution for speeding on May 7, 2014.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

November 17, 2017

cc:   Josephine Amatucci, pro se
      Daniel J. Mullen, Esq.
      Mark H. Puffer, Esq.