FILED - USDC -NH
2023 JUN 23 AM 10:47

8145

UNITED STATES DISTICT COURT

DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

v.

Mullen, INDIVIDUALLY, Joseph Laplante, INDIVIDIUALLY

Stuart Chase, INDIVIDUALLY, Town of Wolfeboro

Ransmeier & Spellman                                            Docket 22-cv-547

MOTION FOR SUMMARY JUDGMENT

JUDGMENT AS A MATTER OF LAW

1.   SUMMARY JUDGMENT HEARING:   At the hearing Judge Laplante dismissed the Plaintiff's summary judgment by stating that the defendant's had PROBABLE CAUSE to ..."STOP" her car, ignoring the Plaintiff's meritorious facts and law,  that she was unlawfully PROSECUTED for speeding, as speeding is not a crime in New Hampshire. A violation of........."DUE PROCESS OF THE LAW".  That Judge Laplante also FRAUDULENTLY stated that there was no evidence in the record that the Plaintiff was prosecuted for speeding, and that her prosecution was only for the offense of disobeying a police officer, when she failed to STOP for the police, when they were flashing their lights for her to stop, accusing her of speeding.  When at the trial the judge found the Plaintiff NOT GUILTY OF

1

SPEEDING. And also the judge found that the chase by the police was a set-up to stop her when she was going to the Sheriff's office to complaint about defendent Chase.

2.      EVIDENCE OF A PROSECUTION FOR SPEEDING:   Contrary to Judge Laplante's statement, at the summary judgment hearing, that the Plaintiff could not prove she was prosecuted for speeding, in the files,  In the record, before Judge Laplante, it is UNDISPUTED in the record,  that there was an Affidavit written by defendant Chase, stating ....UNDER OATH... that the Plaintiff was prosecuted for both Speeding and Disobeying a Police Officer, prosecuted for speeding with ..... NO PROBABLE CAUSE, as Speeding is not a crime in New Hampshire. This was a violtion of Due Process of the FEDERAL CONSTITUTION.

3.      DEFENDANT CHASE:    There is ....NO DISPUTE.... that there was  exculpatory evidence in the record and bofore Laplante , for review, of an Affidavit signed  under Oath by defendant the former  Police Chief Stuart Chase admitting that the Plaintiff was PROSECUTED for speeding and disobeying .  There is NO DISPUTE that under the law speeding is not a crime, therefore,  her  prosecution for speeding.  was a  violation of Due Process  of the Law, and an unlawful detention when she was obliged to defend herself against  a speeding prosecution  at the trial.   There is NO DISPUTE that the Plaintiff should never have been handcuffed and put in jail,  when you do not go to jail in New Hampshire for the offense of Disobeying a Police Officer, when you are eiher given a summons to appear, or are taken in the police station for fingerprinting. Also there is NO DISPUTE that Chase went inside the Plaintiff's car WITHOUT A WARRANT when she was in jail,  and there is NO DISPUTE that her car should never have been towed. There is NO DISPUTE that Chase threatened the Plaintiff with his finger in her face, stating that "if she ever accuses his men of misconduct,  he will get her and arrest

her on the spot" which he did when he followed her on her way to the Sheriff's office and accused her of speeding, when she was not speeding. There is NO DISPUTE that Chase's actions were in violation of the ....DUTY TO PROTECT ....FAILURE TO INTERVENE law, when he did not stop the prosecutor from prosecuting her for speeding, which was in violation of her civil rights and stop the police from putting handcuffing her putting her in jail, in a false imprisonment, when in New Hampshire you do not go to jail for disobeying a police officer. Instead in a Conspiracy, Chase AIDED AND ABETTED the police in their unlawfu acts against her.

A VIOLATION OF THE SIXTH AMENDMENT CLAUSE , A VIOLATION OF

THE FEDERAL CONSTITUTION

4.      There is NO DISPUTE that the trial for speeding and disobeying a police officer was a violation of the Speedy Trial Clause under the Sixth Amendment, especially for the elderly. The Plaintiff is an edlerly person. Where under the Sixth Amendment the police only had 70 days to prosecute, and instead it was one year and 3 weeks before a trial was held. Therefore the trial was VOID OF NO LEGAL FORCE, the conviction for disobeying a police officer has NO LEGAL FORCE.

5.      There is NO DISPUTE that the actions of the prosecutor and Chase, in denyng the Plaintif her Civil Rights, both policymaking individuals, under Monell under 1983 ....... the Town of Wolfeboro.....and Ransmeier are liable for their unlawful actions.

6.      That where there is NO DISPUTE of these facts, the Plaintiff is MANDATING her right under 1983 when there was NO PROBABLE CAUSE for the acts of the defendants the Plaintiff has a right to a jury trial for damages, of which for such egregious acts in a Conspiracy to violate her Civil Rights she is asking for $500,000.00 in damages

against the defendants.

Respectfully,

Josephine Amatucci

June 22, 2023

c. Town of Wolfebor, Ransmeier & Spellman

*Josephine Amatucci*

FROM: JOSEPHINE AMATUCCI
P.O. Box 272
Wolfeboro Falls, N.H. 03896

MANCHESTER NH 030
22 JUN 2023 PM 1 L

United States District Court
District of New Hampshire
Office of the Clerk
55 Pleasant St.
Room 110
Concord, N.H. 03301

03301-394135