8145

### UNITED STATES DISTICT COURT

### DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

v.

Mullen, INDIVIDUALLY, Joseph Laplante, INDIVIDIUALLY

Stuart Chase, INDIVIDUALLY, Town of Wolfeboro

Ransmeier & Spellman                              Docket 22-cv-547

### AMENDED  SUPPLEMENTAL BRIEF

### FOR HEARING  ON EVIDENCE OF LAW

### FOR JUDGMENT AS A MATTER OF LAW

1.      The Plaintiff was arrested and prosecuted for speeding,  with no probable

cause as  it is clearly established that speeding is not a crime in New Hampshire.

Therefore her prosecution for speeding was an unlawful Fourth Amendment

detention of her liberty  rights when she had to attend the court hearings.  A violation

of the Due Procss Clause,  and a violation of the Sixth Amendment.

2.      It is to be noted that the Trial held in this case was in  vioaltion of the

Sixth  Amendment  Speedy trial clause,  a due process clause,  as the Plaintiff was

arrested on May 7, 2014  and a trial was held on June 25, 2015,  approximately one

year and two weeks,  way beyond the speedy trial deadline especially for the elderly

80 years old,  which is the deadline to hold a trial which is 70 days.  Therefore the

Conviction for disobeying a police officer is VOID OF NO LEGAL FORCE.  And this

1

Court must reverse the conviction.

3.      Based on the violations of her  Federal Constituional Rights,   defendent
Stuart Chase committed  criminal Acts  towards  the Plaintiff.

4.      When he had a duty to protect her,  and  a ......."Failure to Protect and Interfere " ,
with her unlawful Constitutional Rights,    Chase  committed a FELONY under the law,
and he must be PROSECUTED by this court.

5.       Also for his crimes of  of going inside my car without a warrant,  for  stealing my
documents inside my car,  for  having my car towed,  and of course for  PROSECUTING me
for speeding,  where speeding is not a crime in New Hampshire.

6.       For a violation of the Sixth Amendment  Speedy Trial Clause,  especially where
the Plaintiff was  an....  ELDERLY..... person.

7.      Therefore,  where this case has been suspended for years and yeras and years,
enough is enough,  especially where the Plaintiff's  evidence is and has been in  the record,
and files,  evidence of fraud on/upon the Court by    Judge Laplante and Mullen both of whom
at the Hearing for cross summary judgments,  both in a Conspiracy fraudulently claimed that
there was no evidence in the files,  in the record,  proving that the  Plaintiff was arrested and
prosecuted for speeding,  when the truth is,  in the files all along,  was an Affidavit filed
in the Court and ....UNDER OATH..... by defendent Stuart Chase,  stating and verifying that the
Plaintiff was indeed ........ARRESTED and PROSECUTED  for  SPEEDING.....

8.      That therefore,  Laplante and Mullen  TRESPASSED THE LAW,  and  in doing so
Judge Laplante  lost jurisdiction in the case,  and where the Judge violated my Constitutional
rights,  he  is liable....  INDIVIDUALLY....for damages under 1983 besides Mullen and Ransmeier
and the Town of Wolfeboro.  When Judge Laplaint denied the Plaintiff her  Motion for
Summary Judgment based on  FRAUD,  in  violation of  her Constitutional rights, and by

2

PERJURY.  Where he had no legal right to deny the Plaintiff her claims for an unlawful arrest

and prosecution for  speeding,  when  speeding is not a crime in New Hampshire.  That

Mullen in Conspiracy with Judge  Lapante,  he is liable,  INDIVIDUALL AND OFFICIALLY.

Making Ransmeier & Spelling laible and under Monell,  where  Mullen was a cause of

connection in a Conspiracy with Laplante,  a policymaking  official,  to deny the Plaintiff her

Constitutional rights.  Of a Fourth and Fourteenth violation of an unlawful seizure ,

a detention of her liberty rights,  and Due Process,  and in violation of the Sixth Amendment.

9.      And that the Town of Wolfeboro is  liable OFFICIALLY for the violations of the

Plaintiff's  CONSTITUTIONAL  rights  by  Chase and the prosecutor Morgan,  both policymaking

officials.

10,      (when  Stuart Chase had a DUTY to protect the Plaintiff;

        (when he unlawfully allowed her to be PROSECUTED for both speeding and disobeying,
when speeding is not a crime in New Hampshire, and where holding a trial for the disobeying a
police officer was in vioaltion of the Sixth Amendment;,

        (where Chase and the prosecutor both policymaking officials,  in violation of her Civil
Rights,  made the Town of Woleboro and the emploer of Mullen LIABLE for damages under a
Monell claim.

        (where there was NO PROBABLE CAUSE to prosecute the Plaintiff for speeding.

        (where under FRAUD on/upon the court,  defendant Mullen and Judge Laplante
Conspired to deny that there was evidence in the record that the Plaintiff was indeed arrested
and prosecuted for speeding.  when they knew or should have known there was an Affidavit
written UNDER OATH by Chase in the record,  confirming that the Plaintiff was indeed arrested
and prosecuted for both speeding and disobeying a police officer.  FELONY.

        ( Citing a cause and connection of her unlawful civil rights violations by the defendants,
in  a  Monell claim,  where under 1983 the Paintiff has a right to damages.

        (And it is to be known that the trial court judge found the Plaintiff NOT GUILTY of
speeding.  That the judge found that her pursuit by the police was a set up to stop the Plaintiff
from reaching the Sheriiff's office,  when the police knew she was heading to the Sheriff's office
to file a Complaint against Chase,  who assaulted her in the police station.

3

11.     It is to be noted that a trial for the offenses of speeding and disobeying was held

one year and 3 weeks after the Plaintiff was arrested, a violation of the Sixth amendment

Speedy Trial Clause, which only allows the police up to 70 days after an arrest to have

a trial for the offenses. And where it was one year and 3 weeks before a trial was held.

Where the trial was VOID OF NO LEGAL FORCE, where the Conviction for disobeying is

Void of no Legal force and must be reversed by this court.

12.     Also to be noted that the Court of Appeals stated in a Malicious Prosecution, ......

a favorable termination element makes no sense when "the claim is that a seizure, a detention
of one's liberty rights violated the Fourth Amendment".

        Also to be noted the Supreme Court of South Carolina ruled in the case of Exparte
Rhodes 202 Ala. 68, 79 So. 462, 464 (1918) that:

        "at Common Law an arrest warrant is mandatory unless the crime is a Felony or
Breach of the Peace."

13.     See the case of U.S. v. Calandra, 414 U.S. 338, 354 (1974) regarding

.... 'NO FAVORABLE TERMINATION ELEMENT FOR A FOURTH AMENDMENT".

14.     The Plaintiff states that Chase purposely allowed the officers to violate my

constitutional rights to prosecute me for speeding, to violate the Speedy Trial Clause,

FAILED TO INTERVENE and STOP the Constitutional violation, when he had the opportunity

to intervene, but chose NOT TO. For a REFUSAL TO INTERVENE AND PROTECT UNDER 18

U.S.C. 242, for Aiding and Abetting, this Court has the duty to...... PROSECUTE..... Stuart

Chase.

15.     That therefore in the EGREGIOUS EGREGIOUS ACTS of the defendants, the

Plaintiff is asking for $500,000. dollars for damages for pain and suffering, for the vioaltion of

her liberty rights, for an unlawful seizure, for violation of DUE PROCESS OF THE LAW.

16.     THAT THE COURT IMMEDIATELY IMMEDIATELY AFTER SO MANY YEARS, ALLOW HER

4

HER CONSTITUTIONAL RIGHTS UNDER 1983 FOR DAMAGES BY A JURY OF HER PEERS.

Respectfully,

Josephine Amatucci

July 5, 2023

c.  Ransmeier and Town of Wolfeboro

*Josephine Amatucci*

5

FROM: JOSEPHINE AMANCE;
P. O. Box 272
WolFeBoro FAllS, N.H. 03896



United States District Court
District of New Hampshire
Office of The Clerk
55 Pleasant St.
Room 110
Concord, N.H. 03301

03301$3941 C011