## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

      v.                                    Case No. 22-cv-547-LM

Attorney Daniel Mullen, individually;
Joseph Laplante, individually;
Ransmeier & Spellman, officially;
Former Wolfeboro Police Department Chief
Stuart Chase; and the Town of Wolfeboro

### REPORT AND RECOMMENDATION

Plaintiff, Josephine Amatucci, proceeding pro se and in forma pauperis, has filed a complaint (Doc. No. 1/#5814[1]) and complaint addenda (Doc. Nos. 3/#5857, 4/#5887, 7/#5857, 8/#8025) alleging that the defendants have violated her federal constitutional rights.  The complaint and complaint addenda are before the undersigned Magistrate Judge for preliminary review pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2).  Also before the Court for a recommendation as to disposition are Mrs. Amatucci's motions for summary judgment and judgment as a matter of law (Doc. Nos. 5/#8000, 6/#8006, 9/#8028, 10/#8040, 11/#8045, 12/#8012, 13/#8145, 14/#8145, 15/#8145).

---

[1] As a courtesy to Mrs. Amatucci, the Court includes the four-digit number she has given to her filings along with the docket number the Court has assigned to her filings.

**Preliminary Review Standard**

The court conducts a preliminary review of complaints filed by pro se litigants proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2).  In considering whether a pro se complaint states a claim, the court construes the pleading liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  The court then determines whether, stripped of legal conclusions, and with all reasonable inferences construed in plaintiff's favor, the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). Claims may be dismissed, sua sponte, if the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2).

**Background**

I.   Case 17-237

The complaint in this matter arises out of two cases previously litigated in this Court, Amatucci v. O'Brien, No. 15-cv-356-JL) ("Case 15-356") and Amatucci v. O'Brien, No. 17-cv-237-JL (D.N.H.) ("Case 17-237"), in which Mrs. Amatucci asserted

that the Town of Wolfeboro ("Town"), former Wolfeboro Police Department ("WPD") Chief Stuart Chase, WPD Officer Shane Emerson, and other defendants violated her rights by engaging in certain conduct relating to her arrest after a traffic stop on May 7, 2014, and the criminal proceedings that followed. Attorney Daniel Mullen of the law firm, Ransmeier & Spellman PC ("Ransmeier"), appeared on behalf of three defendants in Case 17-237: the Town, WPD Officer Emerson, and (then) WPD Chief Chase.  United States District Judge Joseph Laplante presided over Case 17-237.

On September 24, 2018, in Case 17-237, Judge Laplante granted the defendants' motion for summary judgment and denied Mrs. Amatucci's motion for summary judgment.  See Case 17-237, Sept. 24, 2018 Order; Dec. 27, 2018 Order (ECF No. 190).  The clerk entered judgment in that case.  See id. (ECF No. 217).  Mrs. Amatucci appealed the decision in Case 17-237 to the First Circuit, which affirmed Judge Laplante's ruling.  See Amatucci v. Chase, No. 19-1109 (1st Cir. Jan. 10, 2020); Case 17-237 (ECF No. 215).  Mrs. Amatucci filed multiple post-judgment motions in Case 17-237, all of which were denied.

II.   <u>Attorney Mullen, Judge Laplante, and Ransmeier</u>

In this action, the claims Mrs. Amatucci asserts against
Attorney Mullen, Judge Laplante, and Ransmeier are claims she
previously asserted against those defendants in another case she
filed in this Court, <u>Amatucci v. Mullen</u>, 21-cv-237-LM ("Case 21-
237").  In Case 21-237 and in this case, Mrs. Amatucci asserts
claims alleging that Attorney Mullen, Ransmeier as Attorney
Mullen's employer, and Judge Laplante engaged in fraud upon the
court in Case 17-237.  Specifically, Mrs. Amatucci alleges that
Attorney Mullen misstated facts in their motion for summary
judgment filed in that case, and at the hearing on that motion,
and that Judge Laplante knowingly relied on those false
statements to deny her relief in that matter.

In Case 21-237, the Court dismissed Mrs. Amatucci's
complaint, finding that: she failed to state a claim that
Attorney Mullen and Judge Laplante conspired to deny her relief
in Case 17-237; that Attorney Mullen and Ransmeier are private
actors and thus not subject to liability for claims alleging
federal constitutional violations asserted under 42 U.S.C.
§ 1983; and that her claims against Judge Laplante were barred
by absolute judicial immunity.[2]  <u>See</u> Case 21-237, Aug. 18, 2022

---

[2] Mrs. Amatucci asserts here, as she did in Case 21-237,
that because her complaint identifies Judge Laplante as "Mr.
Joseph Laplante" in his individual capacity, he is not protected

Order (ECF No. 30) (approving July 1, 2022 R&R (ECF No. 25)).
The clerk entered judgment in that case.  See Case 21-237 (ECF
No. 17).  Mrs. Amatucci did not appeal that decision.  Her post-
judgment filings in Case 21-237 (ECF Nos. 32, 33, 34) were
denied, to the extent they sought relief from the judgment.  See
Case 21-237 Aug. 1, 2023 Order.


III.  Former WPD Chief Chase and Town of Wolfeboro

     Mrs. Amatucci asserts claims in this action against former
WPD Chief Chase and the Town, including municipal liability
claims under Monell v. Dep't of Soc. Servs., 436 U.S. 658
(1978), alleging that Chief Chase's conduct and Town policies
resulted in her improper and malicious prosecution for speeding
and disobeying a police officer, and her conviction for the
latter, in violation of her federal constitutional rights, and
also that Chief Chase's alleged conduct underlying her claims in
Case 17-237 was criminal.  The claims asserted here against
Chief Chase and the Town were litigated in two cases Mrs.
Amatucci brought in this Court, Amatucci v. O'Brien, No. 15-cv-

---

by judicial immunity.  In Case 17-237, Judge Laplante was
performing judicial functions as a judge of this Court when he
engaged in the conduct Mrs. Amatucci underlying her claims in
this action and in Case 21-237.  Neither Mrs. Amatucci's
identification of Judge Laplante as an "individual" nor her
reference to him as "Mr." in the caption of her complaint
disentitle him to the protection of judicial immunity.

356-JL (D.N.H.) ("Case 15-356") and Case 17-237.  See Case 15-356, June 7, 2017 Order (ECF No. 222); id., Nov. 17, 2017 Order (ECF No. 229); Case 17-237, Sept. 24, 2018 Order; id., Dec. 27, 2018 Order (ECF No. 190); Amatucci v. Chase, No. 19-1109 (1st Cir. Jan. 10, 2020) (affirming Judge Laplante's decision in Case 17-237); see also Case 17-237, Jan. 10, 2018 Order (ECF No. 44) (approving Nov. 17, 2017 R&R (ECF No. 24)); id., Feb. 20, 2020 Order (denying Mrs. Amatucci's post-judgment motion for relief); id., April 10, 2020 Order (same); id., April 20, 2020 Order (same); id., May 4, 2020 Order (same); id., May 28, 2020 Orders (same); id., June 11, 2020 Orders (same).


## Discussion

### I.  Impartiality

In this matter, the undersigned Magistrate Judge and the presiding District Judge are called upon to consider claims asserted against another judge of this Court.  The Court has considered sua sponte whether, because a colleague is a named defendant, recusal is appropriate.  It is not.  A fully informed, rational observer would not have reason to question the court's impartiality in this matter.  See Swan v. Barbadoro, 520 F.3d 24, 26 (1st Cir. 2008) ("patently frivolous claims presented leave no room for any rational person to imagine that

any bias could underlie" a decision); see also Verogna v.

Johnstone, 533 F. Supp. 3d 331, 336 (D.N.H. 2022); Loudenslager

v. Laplante, No. 19-cv-865-SM, 2019 DNH 144, 2019 WL 4168863, at

*1 n.1, 2019 U.S. Dist. LEXIS 149322, at *2 n.1 (D.N.H. Sept. 3,

2019).


II.   Res Judicata

"Under the federal law of claim preclusion, 'a final

judgment on the merits of an action precludes the parties or

their privies from relitigating issues that were or could have

been raised in that action.'"   Hatch v. Trail King Indus., Inc.,

699 F.3d 38, 45 (1st Cir. 2012) (citation omitted).   "'The three

elements of claim preclusion are (1) a final judgment on the

merits in an earlier proceeding, (2) sufficient identicality

between the causes of action asserted in the earlier and later

suits, and (3) sufficient identicality between the parties in

the two actions.'" Id. (citation omitted).

Mrs. Amatucci's claims in this case, as asserted against

each defendant to this action, meet each element of res

judicata, with respect to the parties, causes of action, and

judgments in Cases 17-237 and 21-237 to the extent this suit

asserts claims against Attorney Mullen, Judge Laplante, and

Ransmeier, and in Cases 15-356 and 17-237 to the extent this

suit asserts claims against former Chief Chase and the Town.
She is thus barred from litigating any of the claims asserted in
this case.  Accordingly, the District Judge should dismiss the
complaint (Doc. No. 1) and complaint addenda (Doc. Nos. 3, 4, 7,
8) in their entirety.


III. <u>Motions for Summary Judgment</u>

    Mrs. Amatucci has filed nine motions (Doc. Nos. 5, 6, 9-15)
for summary judgment and/or judgment as a matter of law in this
case.  Because the claims upon which Mrs. Amatucci seeks summary
judgment should be dismissed, the District Judge should deny
those motions as nonmeritorious.


<b><u>Conclusion</u></b>

    For the foregoing reasons, the District Judge should: (1)
dismiss this action in its entirety, with prejudice; and (2)
deny Mrs. Amatucci's motions for summary judgment and judgment
as a matter of law (Doc. Nos. 5, 6, 9-15).  Any objections to
this Report and Recommendation must be filed within fourteen
days of receipt of this notice.  Fed. R. Civ. P. 72(b)(2).  The
fourteen-day period may be extended upon motion.

    Failure to file any objection within the specified time
waives the right to appeal the district court's Order.  <u>See</u>

Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir.
2016).  Only those issues raised in the objection(s) to this
Report and Recommendation "'are subject to review in the
district court.'"  Id.  Additionally, any issues "'not preserved
by such objection are precluded on appeal.'"  Id. (citations
omitted).

_____
                                Andrea K. Johnstone
                                United States Magistrate Judge

August 8, 2023

cc:  Josephine Amatucci, pro se